IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV277-GCM

| KWAMIR BRADLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| PROGRESS RESIDENTIAL PROPERTY MANAGER, LLC, | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Defendant's Motion to Dismiss. The *pro se* Plaintiff has responded and the Defendant has filed a Reply. Accordingly, this matter is ripe for disposition.

I. **FACTUAL BACKGROUND**

Plaintiff filed this action purporting to allege violations of (1) the Truth in Lending Act (TILA) and (2) the Fair Debt Collection Practices Act (FDCPA). (Compl. ¶¶ 33, 38).[1] The Complaint alleges that in "2016 the plaintiff began looking for a place for himself and his family to live." (Compl. ¶ 7). The Complaint alleges that Progress "is a property manager and property managers are usually responsible for maintaining the property, finding tenants, repairs, rental rates, leases, etc." (Compl. ¶ 8). The Plaintiff alleges he had to pay "pro-rated rent and an application fee as move-in charges." (Compl. ¶ 14). The Plaintiff alleges that he entered into

---

[1] This lawsuit is identical to a counterclaim that Plaintiff filed in *Progress Residential Borrower 7 LLC v. Kwamir Bradley*, 21-cv-0139-GCM, which was an attempted removal by Mr. Bradley of a North Carolina Small Claims Court eviction action. This Court remanded that case to the small claims court *sua sponte* without addressing the merits of such claims. *See Progress Residential Borrower 7 LLC v. Bradley*, No. 3:21-CV-00139-GCM, 2021 WL 1962565 (W.D.N.C. May 17, 2021). The Court notes that there is currently another action pending in this district filed by Plaintiff *pro se* against Progress. *See Kwamir Bradley v. Progress Residential Property Manager*, LLC, 3:20-cv-491-RJC.

1

two leases, the last of which was signed in July of 2018 and was to terminate in August of 2020. (Compl. ¶ 12). Again, Plaintiff alleges that the Defendant was the property manager of the dwelling in which Plaintiff and his family lived. (Compl. ¶ 23).

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

A plaintiff's well-pleaded factual allegations must "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line

2

between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). While *pro se* litigants are given some measure of latitude with regards to pleadings, their pleadings must still contain more than "labels and conclusions." *See Giarratano v. Johnson*, 521 F.3d 298, 304, n.5 (4th Cir. 2008).

By its terms, the TILA applies to credit and personal property leases. "It is the purpose of this subchapter to assure a meaningful disclosure of the terms of leases of *personal property* for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him." 15 U.S.C. § 1601(b) (emphasis added). The TILA explicitly does not apply to leases of real property. *See* 15 U.S.C. § 1667(1). The TILA's definition of "personal property" unambiguously provides, "The term 'personal property' means *any property which is not real property*…." 15 U.S.C. § 1667(4) (emphasis added).

Although Plaintiff attempts to label the transaction at issue as a lease for "personal" property, it is clear from the face of the Complaint that this was a lease of real property. As the TILA expressly does not apply to leases of real property, Plaintiff's TILA claim must be dismissed.

The only allegations Plaintiff includes in support of its FDCPA claim are that Progress attempted to collect a debt owed to it directly by Plaintiff. A "debt collector' under the FDCPA is defined as:

> …[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*. …[T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6) (emphasis added). The Fourth Circuit has summarized: "Stated more simply, this provision defines a debt collector as (1) a person whose *principal purpose* is to
3

collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016) (emphasis in original).

Plaintiff has failed to include sufficient allegations that would establish Progress as a "debt collector" under any of these three scenarios. Plaintiff's allegations belie any notion that Defendant's principal purpose is to collect debts. Defendant is alleged to be a property manager who is "usually responsible for maintaining the property, finding tenants, repairs, rental rates, leases, etc." and whose "responsibility was to produce the [] lease so that plaintiff could have a dwelling for himself and his children." (Compl. ¶¶ 8, 35). There is no allegation that Defendant was collecting debts due or owed to another. Instead, the Complaint makes clear that Plaintiff entered into its lease(s) with Progress directly. (Compl. ¶¶ 10-12). All debts were thus owed to Progress according to the very allegations Plaintiff chose to include in his Complaint. Finally, there are no allegations that Defendant was collecting its own debts "using a name other than its own as if it were a debt collector."

Based on the foregoing, the face of the Complaint confirms that Progress is not a debt collector within the meaning of the FDCPA. *See generally Ramsay v. Sawyer Property Management of Maryland, LLC*, 948 F.Supp.2d 525 (D. Md. May 21, 2013) (dismissing the plaintiff's FDCPA "threadbare" claims for, among other things, failing to include plausible allegations that either (a) the defendant property manager was collecting debts on behalf of another or (b) the defendant property manager's primary business was to act as a debt collector). Accordingly, Plaintiff's FDCPA claim must likewise be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED and this matter is dismissed with prejudice.

Signed: October 12, 2021

*Graham C. Mullen*
Graham C. Mullen
United States District Judge